UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DONALD ANTHONY WALKER YOUNG,
a/k/a D. A. WALKER YOUNG,
ACORN CAPITAL MANAGEMENT, LLC and
ACORN II, L.P.,

Defendants,

and

OAK GROVE PARTNERS, L.P.,
NEELY YOUNG and
W. B. DIXON STROUD, JR.,

Relief Defendants.

Civil Action No.
09-CV-01634 (JP)



FILED

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## JUDGMENT AS TO DEFENDANTS DONALD ANTHONY WALKER YOUNG, ACORN CAPITAL MANAGEMENT, LLC, AND ACORN II, L.P.

The Securities and Exchange Commission having filed a Complaint and Defendants Donald Anthony Walker Young, a/k/a D.A. Walker Young ("Young"), Acorn Capital Management, LLC ("Acorn Capital"), and Acorn II, L.P. ("Acorn II," and collectively with Young and Acorn Capital, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to:

(a)   employ any device, scheme, or artifice to defraud;

(b)   make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or to

(c)   engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate

commerce or by use of the mails, directly or indirectly, to:

(a)      employ any device, scheme, or artifice to defraud;

(b)      obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or to

(c)      engage in any transaction, practice, or course of business which operates or to would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Young and Acorn Capital, their agents, officers, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder. [17 C.F.R. § 275.204-2].

### IV.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Young and Acorn Capital, their agents, officers, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C.§§ 80b-6(1) and 80b-6(2) while acting as investment advisers, by the use of the mails or any instrumentality of interstate commerce, directly or indirectly, to:

(a)      employ any device, scheme, or artifice to defraud any client or prospective client; or

(b)   engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

V.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Young and Acorn Capital, their agents, officers, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by, while acting as an investment adviser to a pooled investment vehicle, by the use of the means and instrumentalities of interstate commerce and of the mails, making untrue statements of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle or otherwise engage in acts, practices, or courses of business that are fraudulent, deceptive or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

VI. .

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and prejudgment interest thereon, and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], and, if so, the amount(s) of the disgorgement, prejudgment interest, and/or civil penalty. In connection with the Commission's motion for disgorgement, prejudgment interest, and/or

civil penalties, and at any hearing held on such a motion: (a) Defendants will each be precluded from arguing that they, individually or collectively, did not violate the federal securities laws as established by the Commission's Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d) Establishing Liability and Granting Injunctive Relief against all Defendants, which underlies this Judgment; and (b) Defendants may not challenge the validity of this Judgment.

## VII. .

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 1/7, 2011

The Honorable John R. Padova, U.S. D.J.